## William Conerty v. Joseph Schatzla.

1. APPELLATE COURT PRACTICE—*Where the Rulings of the Trial Court Are Not Presented for Review.*—Where, in a case tried without a jury, the appealing defendant did not except to any of the rulings of the court complained of, nor to the finding of the court, such rulings are not presented for consideration.

2. SAME—*When an Exception to the Judgment Can Not Avail.*—An exception to the judgment can not avail defendant if the testimony held competent was sufficient to support the judgment.

**Action for Rent.**—Appeal from the County Court of McHenry County; the Hon. O. H. GILMORE, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

C. J. HENDRICKS and C. P. BARNES, attorneys for appellant.

JOHN B. LYON, attorney for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Schatzla, a landlord, sued Conerty, his tenant, for certain installments of rent in arrear, and on a trial without a jury had judgment for $317, from which this appeal is prosecuted. The evidence clearly warrants the judgment unless a certain prior proceeding before a justice of the peace, in a suit brought by the landlord against the tenant when $182 of said rent had accrued, bars this action as to that portion of the total amount here recovered, and unless the court erred in sustaining an objection to the transcript of said proceedings. Defendant offered in evidence the summons issued by the justice and the return showing service, and the transcript showing the proceedings before the justice. Plaintiff objected on the ground that the verdict of the jury appearing upon said transcript and the judgment entered thereon by the justice were void. The court said, "admitted subject to objection of the plaintiff, which objections are to be passed upon in the consideration of the case." After the close of the testimony the court, by propositions of law presented by plaintiff, held that the transcript did not show a legal verdict or a legal judgment, and did not

show a defense to any part of the action, and the court then sustained plaintiff's objection to the transcript. Defendant did not except to any of these rulings nor to the finding of the court. Indeed the entire bill of exceptions contains but two exceptions by defendant. Defendant objected to questions put by plaintiff to a person who was a juror before the justice, to ascertain what the jury meant by their verdict. The court admitted it subject to the objection, and to be afterward passed upon in the consideration of the case, and defendant excepted. Afterward the court held a proposition of law offered by defendant to the effect that said oral evidence was not admissible to contradict, vary or explain the verdict. He thereby sustained defendant's objections to this oral testimony, the decision of which the court had reserved till the consideration of the case. Defendant's only other exception was to the judgment. As the testimony finally held competent was sufficient to support the judgment, that exception can not further avail defendant. The question, therefore, whether the court erred in sustaining the objection to the transcript, and in holding that the supposed verdict and judgment therein recited were void and constituted no defense to any part of the sum here sued for, is not presented by this record for our determination.

The judgment is therefore affirmed.